## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

      **v.**                                 **CRIMINAL NO. 14-298 (PAD)**

**ÁNGEL L. SANTANA-TORRES,**

    **Defendants.**

## MEMORANDUM AND ORDER

Delgado-Hernández, District Judge

      Before the court is defendant's "Motion to Suppress" (Docket No. 66), which the United States opposed (Docket No. 69). Upon review of the facts and applicable law, defendant's motion is DENIED.[1]

### I.      INTRODUCTION

      On April 12, 2014, a federal Grand Jury sitting in the District of Puerto Rico charged Ángel L. Santana-Torres with three counts of possession with intent to distribute controlled substances (to wit, marihuana, cocaine and cocaine-based "crack"), in violation of 21 U.S.C. § 841(a)(1); possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A); and possession of a firearm by a prohibited person (convicted felon) in violation of 18 U.S.C. § 922(g)(1). Defendant moved to suppress the evidence alleging that there was no

---

[1] Defendant requested a hearing on this motion claiming it is needed to elucidate all the arguments advanced in support of his request to suppress (Docket No. 66 at p. 9). A review of the motion, however, confirms there are not facts in doubt or dispute that cannot reliably be resolved on a paper record or that, if resolved, would entitle defendant to the requested relief. As such, no hearing is required. See, United States v. D'Andrea, 648 F.3d 1, 5-6 (1st Cir. 2011) (a criminal defendant does not have a presumptive right to an evidentiary hearing on a motion to suppress).

probable cause for his arrest; and consequently, that the fruits of the arrest and all evidence seized

must be suppressed (Docket No. 66).

## II.      FACTUAL BACKGROUND[2]

Around noontime on April 12, 2014, defendant was parked inside a 1999 green Dodge

Durango, license plate # DFH979, in the parking area of the CVS Pharmacy at Carr. # 2, in Vega

Alta, Puerto Rico. So parked, he was the subject of a drive-by shooting by unidentified people

inside a gray Toyota Yaris, but was able to get out of the vehicle as he received a gunshot when a

projectile passed superficially over the right side of his skull, causing a wound on his scalp.  On

the CVS pharmacy's security camera recording he is seen getting out of his vehicle carrying

something that looked like a firearm, with an abundant amount of a red substance (that appeared

to be blood) over his white shirt.

Puerto Rico Police Department ("PRPD") investigator Carmelo Salgado-Santos copied a

radio transmission alerting of a drive-by shooting at the CVS Pharmacy in Vega Alta; was

instructed to be alert for a green Dodge Durango; and was given the description of the individual

driving the vehicle (who was later identified as the defendant).  Soon thereafter, the agent noticed

the green Dodge Durango around the Corea neighborhood in Dorado, Puerto Rico, and followed

the vehicle.

Salgado conducted surveillance around the area, observing the defendant wearing what

appeared to be a bloody t-shirt (with the same description provided to him via radio) get out of the

green Durango, bearing the same license plate number provided (# DFH979), and enter the

premises of 833 Ricardo Arroyo Laracuente in Dorado.  The agent observed the defendant entering

---

[2] With a few exceptions pertaining to irrelevant facts, defendant does not contradict the facts included in this section, which is based on the Reports of Investigation and videos he received as part of discovery (Docket No. 69 at p. 5).

a house made of wood behind the principal structure at this location. He contacted his supervisor, who instructed him to stay in the area and continue surveillance on the Dodge Durango and the residence until back up arrived. Once that happened, the agent documented his findings into an application for a search warrant.

A state judge issued a search warrant for the structures at 833 Ricardo Arroyo Laracuente. Executing the warrant, the officers found one 9 Schuss 7.65mm pistol; one magazine fitting a 9 Schuss 7.65mm pistol; 23 rounds of 9mm ammunition; 100 bags containing a leafy substance that tested positive to marijuana; 70 bags containing a white substance that tested positive to cocaine; 80 plastic vials containing a white substance that tested positive to cocaine and is believed to be cocaine in its base form commonly known as "crack"; a bloody white t-shirt; and $422.05 in United States currency.

Agent Salgado was able to identify and interview the owner of the structures, Mr. Ángel L. Pagán-Colón, who explained that both the residence and the wood house behind it belonged to him, and that three months earlier he had rented the wood house to his stepson (defendant) for $200.00 per month.  Salgado and fellow officers proceeded to investigate all hospitals in the area, searching for a patient arriving with a with a gunshot wound.

The agents located the defendant at the Vega Alta CDT,[3] detaining and transporting him to the PRPD station for further investigation.[4]  He was eventually placed under arrest and charged. Defendant denied any relation with the wood house and the objects seized.

---

[3] That is, a diagnostic and treatment center.

[4] Defendant contends that he appeared at the police station and was then taken to the hospital to receive medical assistance, after which he was brought back to the station (Docket No. 66 at p. 3).  Although the parties disagree as to this matter, this fact is completely immaterial for purposes of this motion as it does not have any impact on whether the evidence should be suppressed.

## III.    DISCUSSION

A warrantless arrest is constitutionally valid if, at moment the arrest is made, officers have probable cause to make it, that is, if at that moment, facts and circumstances within their knowledge and of which they had reasonably trustworthy information are sufficient to warrant a prudent man in believing that the arrestee had committed or was committing an offense. U.S. v. Burgos, 2015 WL 4528078 (D.P.R. July 27, 2015)(citing Ayres, 725 F.2d 806 (1st Cir.1984); U.S. v. Young, 105 F.3d 1, 6 (1st Cir. 1997).  The existence of probable cause must be determined in light of the information that law enforcement officials possessed at the time of the arrest, and is evaluated considering the totality of the circumstances.  U.S. v. Vongkaysone, 434 F.3d 68, 73 (1st Cir. 2006); U.S. v. Brown, 169 F.3d 89, 91 (1st Cir.1999).

By these standards, probable cause supported defendant's arrest.  Agent Salgado and his fellow officers had information that the defendant had been at the CVS pharmacy parking area in possession of a firearm.  Defendant was seen driving the green Dodge Durango (color, make, model and plate identical to that reportedly involved in the drive-by shooting).  He was observed entering a wooden house with a bloody t-shirt after receiving a gunshot.  The owner of the house confirmed defendant was renting the house.  And in this same house, marihuana, cocaine, cocaine base ("crack"), a firearm, a magazine, and four hundred and twenty two dollars with five cents ($422.05) were found and seized.

Defendant has not questioned any of these facts nor contested the government's representation that these facts are supported by the Reports of Investigation and videos provided to him.  And he does not identify what evidence allegedly seized at the station must be suppressed. In consequence, suppression is inappropriate here.  See e.g., U.S. v. Imadu, 2006 WL 2265437 (M.D.Fla. August 8, 2006) (noting that a defendant must specifically identify which evidence

United States v. Santana-Torres
Criminal No. 14-298 (PAD)
Memorandum and Order
Page 5

should be suppressed and why).

## IV.    CONCLUSION

For the reasons stated, defendant's "Motion to Suppress" (Docket No. 66), is DENIED.  A Status Conference is set for August 24, 2015, at 9:30 a.m. in Courtroom No. 5.   Trial will be scheduled during the Conference.

**SO ORDERED.**

In San Juan, Puerto Rico, this 17th day of August, 2015.

S/Pedro A. Delgado-Hernández
PEDRO A. DELGADO-HERNÁNDEZ
U.S. DISTRICT JUDGE